Mason, J.
The answer of the defendant Law admits, that out of moneys paid by the corporation of this city upon a contract for building the High Bridge, executed by himself, the defendant Arnold Mason, and the plaintiff’s intestate Samuel Eoberts, there was, at the time of the last accounting, in his hands, growing out of or appertaining to the joint business, a balance of $145,153.29, of which the sum of $125,262.45 belonged to him, leaving a balance of $19,890.84 in his hands not belonging to him.
He says that there was at that time in the hands of the defendant Mason, growing out of or appertaining to the joint business, a balance of $62,664.15, received from the defendant Law, which exceeded the just separate share of Mason in the joint funds by about $32.92; and that there was in the hands of Samuel Eoberts, or his representatives, at the same time, appertaining to the joint business, a balance of $42,707.46, received from the defendant Law. Now, as it appears from the contract, and is admitted by the answer, that of the moneys thus paid, Law was entitled to one-half, and Mason and Eoberts each to one-fourth, it follows that the balance of $19,890.84, admitted to be in Law’s hands, and also the $32.92 in Mason’s hands, over and above their respective shares, belongs to the plaintiffs as representatives of Eoberts. This balance, therefore, so admitted by Law, the plaintiffs are entitled to receive, unless Law shows that he has claims or liens on it superior to their rights therein.
. He sets up several claims. 1. He insists that there were several bad debts incurred by Eoberts and Mason, amounting in all *644 to $933:28, which, by an agreement between them, Eoberts, Mason and Law, were to be charged to the two former, and that one-half of this amount is properly chargeable to the estate of Eoberts. This the plaintiffs deny, and the right thus to make such a charge against the plaintiffs, is one of the points at issue in the suit. This one-half Law cannot now be required to pay over, and he is entitled to retain in his hands a sufficient sum to meet Eoberts’s half, if his estate shall ultimately be held liable, together with interest, say $500.
2. The defendant alleges that there are two outstanding claims against the concern, which, he says, are unjust, and the payment whereof to the claimant, he is contesting; and he insists that a portion of the money in his hands, sufficient to pay Eoberts’s share of these claims, in case they should be recovered against the concern, with interest and costs, should be reserved or set apart for his security'and that of Mason, or proper and available security given to indemnify them therefor. It is difficult to perceive on what grounds the defendant can be authorized to impound moneys admitted to be due to his copartner’s estate, in order to provide for such a contingent liability; especially when the plaintiffs offer to give satisfactory security to pay their share of whatever sum may be awarded against and paid by the defendants on those claims. Law and Mason may both fail, and the estate of Eoberts may be made liable, and forced to pay both these claims in full. No deduction, therefore, can be allowed on this account. . i
3. The defendant alleges that the joint concern has a large claim against the corporation, for extra work, over and above the requisitions of their contract, and that a large amount of money, and considerable time and labor, will be required to prosecute the claim, and he insists that he has a right to retain in his hands, of the moneys so due to the plaintiffs, a sum sufficient to cover their just proportion of the expenses of litigation and of his time and services. It needs no argument to prove that such prospective expenses and services can give to the defendant no lien upon, or right to retain, any moneys due to the plaintiffs. But it is right and proper that he should be *645 secured by tbe plaintiffs against tbeir share of the expenses in the prosecution of the suit; and that provision should be made for his compensation, if he should prove himself entitled to any.
The order then will be, that the defendant, George Law, do, within thirty days from the service of the order, pay to the plaintiffs as administrators the sum of $19,890.84, being the sum admitted to be in his hands, received for the plaintiffs, less the sum of $500, which he is allowed to retain until the decision in this suit shall determine the amount of such bad debts, and the liability of the plaintiffs as administrators therefor. And the plaintiffs must give, simultaneously with the payment of the money, a bond or undertaking, with two sureties, to be approved of by one of the justices of this court, as to its form, amount, and sufficiency of the sureties, to pay one-fourth part of all such outstanding claims against the late firm of Law, Roberts & Mason, as the defendants, or either of them, shall be called upon and obliged to pay, and also one-fourth part of the moneys paid by them, or either of them, or for which they, or either of them, may be liable, for the expenses of prosecuting the demand against the corporation mentioned in the answer in this cause, and also whatever sum, if any, may be adjudged by the court to be justly due to Law for his time and services in prosecuting such claim.